IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 JUN 14  A 11: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:07cv526-MEF |
| MARY A. LUMPKIN, | ) |
| a/k/a Mary Agnes Lumpkin, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code, Section 1345.

3. That the defendant, Mary A. Lumpkin, is a resident of the Middle District of Alabama.

4. That the defendant owes plaintiff the total sum of $7,167.60 ($4,560.83 principal, plus interest in the amount of $2,606.77, as of April 16, 2007), plus interest at the rate of 8.25 percent per annum thereafter until the date of judgment, according to the Certificate of Indebtedness and Promissory Note attached hereto as Exhibit A.

5. Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $7,167.60, plus interest at the rate of 8.25 percent per annum thereafter to the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED June 12, 2007.

                  LEURA G. CANARY
                  UNITED STATES ATTORNEY

By: *[signature]*
       R. RANDOLPH NEELEY
       Assistant United States Attorney
       BAR NO. 9083 E56R

Post Office Box 197
Montgomery, AL 36101
Telephone: (334) 223-7280
Facsimile: (334) 223-7201

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Mary A. Lumpkin
aka: Mary Agnes Lumpkin,
800 43rd Ave.
Phenix City, AL 36869-5834
Account No:      6520

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/16/07.

On or about 03/24/99, the borrower executed a promissory note to secure a Federal Family Education Loan Program ("FFELP") Consolidation loan from Crestar c/o SunTech (Jackson, MS). This loan was disbursed for $4,288.99 on 04/22/99, at 8.25 percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds and then reinsured by the Department of Education ("Department") under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 11/24/99, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,560.83 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/20/00 assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following balance:

| | |
|---|---|
| Principal: | $4,560.83 |
| Interest: | $2,606.77 |
| Total debt as of 04/16/07: | $7,167.60 |

Interest accrues on the principal shown here at the rate of $1.03 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/22/07

Loan Alberto Francisco
Litiga Sem Support Analyst

# Loan Consolidation Application and Promissory Note

300-0408-3290

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may the United States Criminal Code and 20 U.S.C. 1097.

## Section I — Personal Information — Please Read Instructions

1. SOCIAL: ---6520
2. LAST NAME: LUMPKIN    FIRST: MARY    M.I.: A
3. BIRTH DATE: 16 / / 62
   PERMANENT HOME ADDRESS: 500 43rd AVE
   CITY: PHENIX CITY    STATE: AL    ZIP: 36869
4. AREA CODE/TELEPHONE NUMBER FOR ITEM 2: (334) 480-0308
5. 
6A. EMPLOYER NAME: AGGIES AFFAIRS OF HAIR
6B. EMPLOYER TELEPHONE NUMBER: (334) 297-0260
   EMPLOYER ADDRESS: 1212 7th AVE    CITY: PHENIX    STATE: AL    ZIP: 36867

7A. NAME AND ADDRESS OF A RELATIVE NOT LIVING WITH YOU:
SHARON LUMPKIN
2444 W. Brent #1312
Columbus GA 31907
TELEPHONE: (706) 322-9485

7B. NAME AND ADDRESS OF ANOTHER PERSON WHO KNOWS YOU AND YOUR ADDRESS:
IRMA THOMAS
603 6th St
Phenix City AL 36867
TELEPHONE: (334) 298-4481

7C. NAME AND ADDRESS OF ANOTHER PERSON WHO KNOWS YOU AND YOUR ADDRESS:
MARY FORD
16 Mt Olive Ct
Ft Mitchell, AL 36856
TELEPHONE: (334) 855-2886

## Section II — Student Loan Information

8. Student loans I wish to have consolidated (be sure to read the instructions for 8C., 8D., and 8G.):

| | A. Creditor/Servicer Name & Address | B. Account Number | C. Type of Loan | D. Guarantor | E. Current Balance | F. Interest Rate | G. Grace/Repayment Status? YES / NO |
|---|---|---|---|---|---|---|---|
| (a) | GREAT c/o GRC | 25311 6520.0 | GSL | 713 $ | 4562.70 | 10.0 | |
| (b) | 11501 Northlake Dr | | | | | | |
| (c) | Cinti Ohio 45249 | | | | | | |
| (d) | | | | | | | |
| (e) | | | | | | | |
| (f) | | | | | | | |
| | | | | TOTAL | $4562.70 | | |

9. Student loans I wish to have considered for purposes of determining my Repayment Schedule but that I do not wish to have consolidated:
DO NOT DUPLICATE LOANS LISTED IN ITEM 8.

| | A. Creditor/Servicer Name & Address | B. Account Number | C. Type of Loan Program | D. Estimated Current Balance |
|---|---|---|---|---|
| (a) | | | | |
| (b) | | | | |
| (c) | | | | |
| | | | TOTAL | |

## Section III — Repayment Options

10. I prefer ("X" one): [X] Level Payment Schedule    [ ] Graduated Payment Schedule

## Section IV — Promissory Note and Borrower Certification

1. **Promise to Pay and Borrower Certification:** I, the undersigned Borrower, promise to pay to you or your order a sum certain equal to the loan amount as identified in my Repayment Schedule and Disclosure Statement which will be provided to me at the time my former Creditors have discharged my obligations on the loans selected for consolidation. In the event the Repayment Schedule and Disclosure Statement conflicts with any information on the Application and Promissory Note, the Repayment Schedule and Disclosure Statement is controlling. I declare under penalty of perjury under laws of the United States that the information provided on this Application is true and correct. I will not sign this Note before reading it, including the terms which continue on the reverse side, even if otherwise advised. I further certify I am not now in default on a Federal Perkins loan (formerly National Defense/Direct Loan), or a Federal Stafford loan (formerly called the Guaranteed Student Loan), or a Federal Insured Student Loan, or a Federal Supplemental Loan for Students (including ALAS Loan) that I have selected for consolidation. I also certify I am in repayment status or in a grace period preceding repayment and not more than 90 days delinquent on any of the loans listed above that I have chosen for consolidation. In addition I certify I have no Federal Consolidation Loan Application pending with another Lender. If my consolidating Lender does not hold any of the loan(s) selected for consolidation, I certify I have sought but have been unable to obtain a Federal Consolidation loan from the Holder(s) of my eligible loan(s) for consolidation. I hereby authorize the Holder(s) of any of my loans which make up the Federal Consolidation loan to pay the consolidating Lender any refund which may be owed to me. I understand that my Federal SLS/ALAS loans may be refinanced at the current annual variable rate as determined by the Secretary of the United States Department of Education (hereinafter called the Secretary) in accordance with the Higher Education Act of 1965, as amended (hereinafter called the Act) as a part of this consolidation. In addition I hereby authorize any Creditor(s) listed above in Item 8 to release to the consolidating Lender, for purposes of verifying student loan information in order that I may consolidate my student loans pursuant to the Act. This information is for the use of consolidating my student loans. I am entitled to an exact copy of this Note. By signing this Note, I acknowledge I understand and agree to the conditions stated on this Note, and have received an exact copy.

11. BORROWER SIGNATURE    DATE
X  Mary A. Lumpkin    3-24-99

**NOTICE TO BORROWER:** Terms of the Promissory Note continue on reverse side. Be sure you have completed Section I, II, III and signed the Promissory Note in Section IV before mailing to the Consolidating Lender.

## Section V — To Be Completed By The Consolidating Lender

12.

13. TOTAL FEDERAL STAFFORD(S): 4288.99    TOTAL FEDERAL SLS:    TOTAL FISL:    TOTAL HPSL:    TOTAL FEDERAL PERKINS:

14. NAME AND ADDRESS OF LENDING INSTITUTION:
Crestar c/o SunTech
P.O. Box 4479
Jackson, MS 39296-4479

15. ANTICIPATED DISB. DATE: 4/22/99
16. FIRST PAYMENT DUE DATE: 5/28/99
17. NEW LOAN BALANCE: 4288.99
18. TERM: 120 mo
19. RATE: 8.25
20. TELEPHONE NUMBER: (601) 982-4800
21. LENDER CODE: 811111

22. SIGNATURE OF AUTHORIZED LENDING OFFICIAL: Lynn Lester
    PRINT OR TYPE NAME AND TITLE: Lynn Lester, Manager    DATE: 4/22/99

White — Lender    Yellow — Guarantor    Pink — Borrower
Return white and yellow copies to the Consolidating Lender. Copyright 1995 United Student Aid Funds, Inc. All Rights Reserved
Keep the pink copy for your records.

20-115LC 10/95

(A)

# Additional Terms of the Promissory Note for a Consolidation Loan

**Date Note Becomes Due:** The repayment period on this loan begins when the loan is disbursed. The first payment is due within 60 days of disbursement, except that I may be entitled to deferment of principal until a later date. See the section titled "Deferment." Payments will be made in monthly installments in accordance with the Repayment Schedule which will be provided to me at the time my former Lenders have discharged my obligations on the loans selected for consolidation.

**I. Interest:** I agree to pay simple interest on the unpaid principal balance from the date the repayment period begins until the entire principal sum and accrued interest are paid in full. I shall be responsible for the payment of all the interest that accrues on this loan in accordance with the terms of the repayment schedule. This Federal Consolidation Loan Note shall bear interest at an annual rate, which is fixed for the term of the loan, on the unpaid principal balance of the loan which is equal to the weighted average of the interest rates on the loans consolidated, rounded to the nearest whole percent, except that such interest rate shall not be less than nine percent (9%). If any of my Federal SLS (formerly called student PLUS or ALAS) loans are to be consolidated they will first be refinanced at the current annual rate as determined by the Secretary and authorized by the Act, if that rate is lower than my current fixed rate and then be immediately consolidated into this account. I will not receive any separate documentation evidencing refinanced loans.

**II. Guarantee Fee:** I will not be charged a guarantee fee for my consolidated loans.

**III. Default:** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude that the Borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III, from the date of default. The Lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; the Lender, Holder, or guarantee agency may disclose to schools I have attended (or am currently attending) the information about the default; and I will be ineligible to receive assistance from any of the following federal programs: Federal Pell Grant, Byrd Scholarships, Supplemental Educational Opportunity Grant, Federal Work-Study, State Student Incentive Grant, Federal Perkins loan (formerly called National Defense/Direct Student Loans), Federal Stafford loan (formerly called the GSL Program), Federal Supplemental Loans for Students (SLS), Federal PLUS loans, or Federal Consolidation loans. A default also makes me ineligible for these benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII.

**IV. Late Charges and Collection Costs:** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted, which rate charged shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which, if you in... [illegible] this loan. If this loan is referred for collection to any agency... [illegible] to the Fair Debt Collection Practices Act, I will pay those collection costs to the extent authorized under such Act.

**V. Additional Agreements:** I understand that the proceeds of this Federal Consolidation Loan... [illegible] to the lending institution(s)... [illegible] of paying off the loan(s). Any notice required... [illegible] effective when mailed by first class mail to the... address given by me. Your failure to enforce or insist that I... [illegible] any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the... [illegible] is required... [illegible] guarantee to repay my loan(s) because I have defaulted, the... [illegible] will become the owner of this Note and as my creditor will have all the rights of the original... [illegible] to enforce this Note against me. I understand that I must repay... Note even though I may be under 18... age. This Note is not... [illegible] until it is accepted by you. In this... [illegible] words I, me, and my refer to the Borrower identified in the Application... [illegible] you, your, and yours refer to the Lender and any other holder of this Note. If the Borrower... [illegible] entitle his/her... [illegible] will be cancelled... agree to notify you of any change in my... [illegible] of any applicable school enrollment status within 10... [illegible] written statement with regard to the loan...

prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

If the Lender sells the loan or otherwise transfers the right to receive payment I must be sent a clear notification which spells out my obligations to the party to whom my loan was sold. I will have the same rights and responsibilities with the subsequent Holder that I have with regard to the Lender. This Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state, and a subsequent Holder of this Note cannot be a Holder in due course. The proceeds of this loan are to be used solely to discharge my outstanding student loan obligations described in the itemization of loans consolidated section of this Application and Promissory Note. The terms of this loan will be interpreted in accordance with the Higher Education Act of 1965, as amended, and State law and regulations which govern the USA Funds® Loan Consolidation Program.

**VIII. Deferment:** I am entitled to deferments under the Higher Education Act, as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. Payment of principal on my loan may be deferred during the repayment period if I am not in default and I comply with applicable federal loan consolidation regulations published pursuant to Section 428C of Title IV, Part B of the Higher Education Act of 1965, as amended, in the following circumstances:

1. While I am engaged in—
   a. at least half-time study at a school that is participating in the Title IV, Part B Programs, unless I am not a citizen or a national of the United States and attending a school outside the United States, and if I receive a loan under the Federal Stafford or Federal SLS Programs for the enrollment period; or
   b. full-time study at a school participating in the Title IV, Part B Programs, unless I am not a citizen or a national of the United States and attending a school outside the United States, or enrolled in full-time study at an institution of higher education or a vocational school that is operated by an agency of the federal government (e.g., the service academies); or pursuing
   c. an eligible graduate fellowship program; or
   d. an eligible rehabilitation training program for disabled individuals.
2. For periods not exceeding 24 months while I am conscientiously seeking but unable to find full-time employment in the United States.
3. Up to three years during which I am temporarily totally disabled or during which I am unable to secure employment because I am caring for a spouse or dependent who is temporarily totally disabled.

**IX. Forbearance:** If I am unable to make the scheduled payments for reasons of hardship, I may be eligible for forbearance of payments of the loan as provided in the Guarantor's regulations and at the discretion of the Lender. I must notify my Lender when the condition entitling me to forbearance no longer exists.

**X. Repayment by Department of Defense:** Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (10 U.S.C. 2141, note). Questions concerning the program should be addressed to the local recruiter for the services involved. This is a recruiting program and does not pertain to prior service by an individual or those not eligible for enlistment in the Armed Forces.

**XI. Repayment:** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule and Disclosure Statement which establishes the particular repayment terms that will become part of this Promissory Note. However, if I qualify for any benefit described under "Deferment" in this Promissory Note, or if the Lender grants forbearance, those periods will not be included in the repayment period mentioned on the Repayment Schedule and Disclosure Statement.

I understand that my status as an eligible Borrower under this Loan Consolidation Program under Section 428C of the Act terminates upon my receipt of this loan, except with respect to loans received after the receipt of this loan.

**XII. Prepayment:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XIII. Credit Bureau Notification:** Information concerning the amount of this loan and... [illegible] will be reported to one or more credit bureau organizations. If I default on this loan, the Lender, Holder, or Guarantor will disclose the default to all national credit bureau organizations. This... significantly and adversely affect my... ability to...